# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN PAYTON, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-2365 |
| SOUTHERN FIDELITY INSURANCE COMPANY | SECTION "J" (3) |

## ORDER

On October 10, 2018, the Motion to Quash Subpoena *Duces Tecum* Pursuant to Fed. R. Civ. P. 45 and 26 [Doc. #12] came on for oral hearing before the undersigned. Present were Jim Mullaly on behalf of plaintiff and Kevin Riche on behalf of defendant. After the oral hearing, the Court took the motion under advisement and ordered plaintiffs to produce the documents for which they claimed privilege to the Court for *in camera* review no later than five days from the date of that minute entry. The Court further ordered plaintiffs to produce the remaining documents to defendant at that time. It is now November 5, 2018 – 26 days after the oral hearing and dated minute entry – and, despite a telephone call to plaintiffs' counsel, this Court has yet to receive the documents for which plaintiffs allege privilege. This Court waits no longer to rule. Having reviewed the pleadings and the case law, the Court rules as follows.

## I.      Background

Plaintiffs originally filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs allege that on August 20, 2017, a fire broke out in their home while they were out of town in Lafayette, Louisiana, which destroyed all but the free-standing swimming pool. In January 2018, plaintiffs provided defendant with a proof of loss. Defendant refuses to pay the claim.

Plaintiffs thus sues defendant for, among other things, damages, breach of contract, and bad faith failure to pay a claim. Defendant removed the case to this Court on March 5, 2018, based upon diversity and the amount in controversy pursuant to 28 U.S.C. §§ 1332 and 1441.

## II. The Parties' Arguments

### A. The Motion to Quash

Defendant issued a subpoena to plaintiff's psychiatrist that, in essence, seeks "any and all" medical records from Dr. Jonathan Rynning, who plaintiffs identified as having treated Steven Payton at some point in the past.

Plaintiffs first argue that they have standing to move to quash the subpoena because it seeks their medical records in which they have a personal right and interest.

Plaintiffs also contend that the subpoena is overbroad because it seeks "any and all" records without specifying the specific records that defendant seeks. Plaintiffs also argue that the subpoena is irrelevant and does not seek information or documents that may be admissible at trial. Plaintiffs query how the medical records of Rynning are relevant to their claim that their house burned.

Noting that the Supreme Court has recognized a psychotherapist-patient privilege, they lastly argue that the subpoena seeks documents that are protected by the privilege and that they have not waived the privilege.

### B. The Opposition

Defendant maintains that plaintiffs explicitly listed "mental anguish" as a claim for damages against it. Quoting the subpoena, defendant argues that its subpoena explicitly and specifically outlines the documents that it seeks when it states "any and all documents contained

in the medical records in your possession regarding medical and/or mental health evaluation or treatment to Steven C. Payton, DOB 02/03/1969, SSN XXX-XX-9254, including but not limited to, your records, records from other facilities or providers, notes of treatment, progress notes, hospital records, nurses notes, consultant's reports, patient questionnaires, narrative reports, laboratory tests, diagnostic films, diagnostic studies and reports, medication records, discharge summaries, billing information, billing records, and/or billing statements."

Defendant thus maintains that the subpoena is not overly broad. It contends that all of the documents requested are material to plaintiffs' claims and alleged damages. It argues that should the Court find that a temporal limitation is necessary, ten years is the relevant starting point because plaintiffs failed to specify in their response when Rynning treated Steven. Defendant asserts that the documents may bear on Steven's mental health claim or any diagnosis or treatment relating to depression caused by financial problems, the most common motive for arson (which defendant investigates here).

Defendant claims that by asserting a claim for mental anguish damages, plaintiffs have put their mental state at issue. Citing case law, it notes that court have held that in such a situation, the medical records of plaintiffs are relevant. Also citing case law, defendant notes that courts have held that plaintiffs have waived the psychotherapist-patient privilege by placing their mental state at issue.

### III. Law and Analysis

"[M]edical records [of a plaintiff] asserting emotional distress damages are relevant to help the Defendant assess the Plaintiff's emotional distress claim and may provide the defendant with

3

an alternative explanation for the Plaintiff's emotional distress claim." *Bacharach v. Sun Trust Mortgage, Inc.*, Civ. A. No. 17-5141, 2015 WL 1843007, at *7 (E.D. La. April 22, 2015) (citing *Hingle v. Bd. of Adm'rs of Tulane Educ. Fund*, No. Civ. A. 95-0134, 1995 WL 731696, at *3 (E.D. La. Dec. 7, 1995). "[W]hile plaintiff may not have sought psychiatric or psychological counselling for her [new injury], this does not reduce the relevancy of her seeking such counselling in the past. The Court finds that these previous records are not 'wholly peripheral' as plaintiff claims, but are reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Moreover, several courts have held that a patient may waive the psychotherapist-patient privilege in certain circumstances. *Tanner v. BD LaPlace, L.L.C.*, Civ. A. No. 17-5141, 2018 WL 3528023, at *2 (E.D. La. July 23, 2018) (citing *Stogner v. Sturdivant*, No. 10-125, 2011 WL 4435254, at *5 (M.D. La. Sept. 22, 2011) ("Courts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interest in his medical records.").

This case law demonstrates that the documents requested are not only relevant but that plaintiffs have waived any privilege by asserting a claim for mental anguish damages. *See Tanner*, 2018 WL 3528023, at *2; *Stogner*, 2011 WL 4435254, at *5; *see also Butler v. Louisiana Dept. of Pub. Safety & Corr.*, No. 12-420, 2013 WL 2407567, at *3 (M.D. La. May 29, 2013) ("If the Court determines, however, that proof of the elements of Plaintiff's causes of action requires the use of the privileged material, then the Court is proper to conclude that the psychotherapist-patient has been waived."). The Court finds that plaintiffs' medical records from Rynning are relevant here and proportionate to the needs of the case. As noted by the *Bacharach* court, such discovery may

provide an alternate explanation for the mental distress suffered by Steven Payton. Accordingly, the Court denies the motion.

The Court finds that the subpoena should have a temporal limitation, however. Because the parties have failed to identify to the Court the temporal period during which Rynning treated Payton, ten (10) years is an appropriate temporal limitation.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Quash Subpoena *Duces Tecum* Pursuant to Fed. R. Civ. P. 45 and 26 [Doc. #12] is DENIED.

New Orleans, this 5th day of November, 2018.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**