UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN and DIONNE PAYTON | CIVIL ACTION NO. 2:18-cv-2365 |
| VERSUS | JUDGE: CARL BARBIER |
| SOUTHERN FIDELITY INSURANCE COMPANY | MAGISTRATE JUDGE DANA M. DOUGLAS |

## ORDER

Before the Court is a Motion to Fix Attorneys' Fees (Rec. Doc. No. 78) filed by Southern Fidelity Insurance Company ("SFIC"). The motion is unopposed. Having reviewed the pleadings and the case law, the Court rules as follows.

**I.  BACKGROUND**

SFIC filed a Motion to Compel Depositions and for Leave to Take Depositions after Discovery Deadline ("Motion to Compel"). (Rec. Doc. No. 69). The Court granted that motion as unopposed on March 2, 2021, ordered that the deposition of Plaintiffs be taken within fourteen (14) days, and awarded SFIC attorney's fees. (Rec. Doc. No. 76). The sole issue before the Court is the amount of fees to which SFIC is entitled. (Rec. Doc. No. 78-1). SFIC seeks an award of $262.50 for expenses and attorney's fees incurred in connection with the discovery motion.

**II.  LAW AND ANALYSIS**

    **A.  Jurisdiction**

The Court notes that summary judgment was entered in favor of SFIC on July 20, 2021. (Rec. Doc. No. 88). A Notice of Appeal was filed on August 17, 2021. (Rec. Doc. No. 89). The Court further notes, however, that a district court "retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment on the merits is pending on appeal." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002); *Viacom Int'l Inc. v. IJR Cap. Invs., LLC*, No. CV H-16-257, 2017 WL 2255580, at *1 (S.D. Tex. May 22, 2017). The general rule is

that filing a notice of appeal divests the district court of jurisdiction to hear matters connected to the appeal. *Procter & Gamble Co.,* 280 F.3d at 524. Nevertheless, a district court "retains jurisdiction to resolve motions for sanctions and attorney's fees while a judgment on the merits is pending on appeal." *Id.; see also Lancaster v. Indep. Sch. Dist. No. 5,* 146 F.3d 1228, 1237 (10th Cir. 1998) (holding that an award of attorneys' fees under Rule 37 is collateral to the merits). Consequently, Plaintiffs' appeal does not divest the Court of jurisdiction. This Court, therefore, retained jurisdiction to entertain the motion for attorneys' fees after Plaintiffs filed their appeal of the grant of summary judgment. *See Gregg v. Linder,* No. CIV.A. 02-1429, 2004 WL 421966, at *2 (E.D. La. Mar. 8, 2004).

### B. The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorneys' fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations including whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Associated Builders & Contractors*, 919 F.2d at 379; *see also Hensley*, 461 U.S. at 437-39. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

      i.      **Reasonable Hourly Rates**

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir 1995).

Here, Kevin Riche, a lawyer at the Monson Law Firm, possesses 13 years of experience. Mr. Riche attested that $175 is customary for the geographic area and attorney's with similar backgrounds. (Rec. Doc. No. 78-3). Moreover, the rate was not opposed or contested.

Reviewing the case law in this district, the Court finds that $175.00 per hour for Mr. Riche is reasonable in light of his education, experience, and the prevailing rates in the community. *Grant v. Gusman*, No. CV 18-6465, 2020 WL 5821753, at *2 (E.D. La. Sept. 9, 2020), *report and recommendation adopted,* No. CV 18-6465, 2020 WL 5820378 (E.D. La. Sept. 30, 2020) (approving

a rate of $300 for a 13 year attorney); *Jones v. New Orleans Regional Physician Hosp. Org.*, Civ. A. No. 17-8817, 2019 WL 6770029, at *2 (E.D. La. Dec. 12, 2019) ($300.00/hour for attorney with 13 years-experience).

As Mr. Riche has charged his customary billing rate, the rate is within range of the prevailing market rates, and the rate is not contested, the Court finds that the rate is reasonable.

### ii.     Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. (emphasis added). The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make requests that demonstrate "billing judgment." *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Here, the Court finds that the 1.5 hours submitted in connection with the filing of the underlying motion to compel is in line with other cases within this district. Upon review of the motion itself, the Court notes that it is a standard, non-complex motion and thus the 1.5 hours

expended on the motion by Mr. Riche is reasonable. *Ivy v. Tran,* No. CV 20-1475, 2021 WL 1428877, at *3 (E.D. La. Apr. 15, 2021) (finding 5.8 hours on a motion to compel not reasonable); *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (holding that 1.5 hours to draft a motion to compel, .40 hours conferring with opposing counsel, .10 hours corresponding about the motion to compel, .10 reviewing correspondence about the motion to compel, and .10 hours review a motion to compelare all reasonable); *Teles v. Liberty Mut. Fire Ins. Co.,* No. 06-11250, 2008 WL 425534 (E.D. La. Feb. 12, 2008) (holding that 1.5 hours to prepare a motion to compel for one attorney and 2.0 hours to prepare a motion to compel for another attorney, including communication regarding late discovery, drafting, revising, and filing, was reasonable).

### III. Adjustment of the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds an adjustment of the lodestar is not warranted.

### IV. Total

For the foregoing reasons, the Court finds that the lodestar is:

|  | Hours | Rate | Total |
|---|---|---|---|
| Kevin P. Riche | 1.5 | $175.00/hour | $262.50 |
| **Lodestar** |  |  | **$262.50** |

### V. CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the **Motion to Fix Attorneys' Fees (Rec. Doc. No. 78) is GRANTED.** SFIC is awarded reasonable attorneys' fees in the amount of **$262.50**.

**IT IS FURTHER ORDERED** that plaintiffs, Steven and Dionne Payton, shall satisfy their obligation to SFIC no later than **fourteen (14) days** from the issuance of this Order or by October 27, 2021.

New Orleans, Louisiana, this 13th day of October, 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**